# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>Apple iPhone, model A1586, Austin Police Department<br>Evidence Tag # 2649294-5 | )<br>)<br>)<br>)<br>)<br>) |

Case No.

1:14-M-048

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ Western _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 922 | Possession of Firearm by a Felon |
| 21 U.S.C. 841 | Possession With Intent to Distribute Controlled Substances |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

TFO Benjamin Hornbuckle, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 01/29/2019 _____

_____
*Judge's signature*

City and state: Austin, Texas

Andrew W Austin, U.S. Magistrate Judge
*Printed name and title*

1

**SEALED**

## IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISON

**IN THE MATTER OF THE SEARCH OF:**
Apple iPhone, model A1586, Austin Police
Department Evidence Tag # 2649294-5

Case No. 1:19-M-048

## AFFIDAVIT FOR SEARCH WARRANT

I, Benjamin Hornbuckle (hereafter referred to as Affiant), Task Force Officer, Federal

Bureau of Investigation (FBI), Austin, being duly sworn, depose and state the following:

### INTRODUCTION

1.      Affiant is Detective Benjamin Hornbuckle of the Austin Police Department Gang Unit.

Affiant has been a licensed peace officer for 14 years. For the last two years your Affiant has also

been assigned as a Federal Task Force Officer assigned to the FBI Safe Streets Task Force. Due

to this assignment your Affiant has been federally deputized by both the Federal Bureau of

Investigation as well as the US Marshall's Office. As a result of this assignment your Affiant is

responsible for the investigation of both state and federal crimes committed by gang members to

include organized crime cases, narcotics, firearms violations and other violent crimes.

Consequently, Affiant has training and experience in firearms, narcotics, and related investigations

and investigative techniques.

2.      I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C.

§2510(7) and authorized by law to conduct investigations and make arrests for offenses

enumerated in 18 U.S.C. § 2516.  This affidavit is intended to show merely that there is sufficient

probable cause for the requested warrant and does not set forth all of my knowledge about this

matter.

3.      Based on the information contained in this affidavit, there is probable cause to believe that Jerrell DAVIDSON has committed violations of federal law, including violations of Title 18, United States Code, Section 922(g)(1), Possession of Firearm by a Felon; and Title 21, United States Code, Section 841, Possession With Intent to Distribute Controlled Substances.[1] There is also probable cause to search Davidson's cell phone, which is more particularly described in Attachment A, for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

## FACTS OF THE INVESTIGATION

4.      The facts contained in this affidavit are based on information provided by Austin Police Department Officer Cory Duck and Detective Aaron Cornish, statements by a confidential informant (CI), and review of Austin Police Department reports. Because this affidavit is submitted for purposes of obtaining a search and seizure warrant, it does not set forth all facts gathered during the course of the investigation. Additionally, and unless otherwise indicated, all statements are set forth in sum and substance.

5.      Officer Duck is assigned to the Organized Crime Division's Criminal Conspiracy Unit. As part of his normal duties with the Criminal Conspiracy Unit, Officer Duck assists in investigations related to firearms and "career offenders." Officer Duck has experience working with Confidential Informants as part of his normal duties.

6.      On December 31, 2018, Officer Duck was working a patrol shift in east Austin, when he was approached by a citizen who wished to provide information about a shooting that occurred on December 25, 2018, near the area of Garcreek Circle in Austin, Texas. The citizen stated that

---

[1] On January 18, 2019, the Hon. Andrew W. Austin, United States Magistrate Judge, issued a warrant authorizing the arrest of Davidson for violations of 18 U.S.C. § 922(g).  On January 18, 2019, DAVIDSON was arrested pursuant to a pending state warrant and is currently in state custody.

although there were numerous witnesses to the shooting, no one would cooperate with the police. The citizen requested to remain anonymous because the citizen feared for his/her safety. The citizen expressed concern that the suspect would retaliate against the citizen for cooperating with the police. The citizen knows the suspect and has specific knowledge about the suspect's activities. The citizen agreed to work as a CI to protect the citizen's identity.  The CI will be receiving payment in exchange for providing information to law enforcement officers.  The CI's statements have been independently corroborated and thus officers believe the CI's statements to be reliable.

7.      The CI stated that an individual who goes by the street name "Pooda" was the perpetrator of the shooting on Christmas Day. The CI provided the following information about "Pooda":

   a. A black male, 6'0, slim build, short black hair, brown eyes, with tattoos on his face;

   b. Frequently drives a Grey Nissan Altima bearing Texas License Plate KLG7463;

   c. Occasionally stays at 8406 Garcreek Circle #A;

   d. Carries two hand guns on his person at all times;

   e. Owns two rifles, one AR-15 and one AK-47;

   f. Sells drugs, including crack cocaine, marijuana and pills; and

   g. Is extremely dangerous and may shoot at the police if they show up at his residence

8.      Officer Duck searched Austin Police records databases and learned that a shooting had taken place in the area of Garcreek Circle on December 25, 2018. During that incident, one male was shot in the groin by an unknown suspect. Included in the report were witness statements that indicated the suspect was driving a Nissan Altima. Statements also described the suspect as a light skinned black male, 5'9" in height, muscular build, 20-24 years of age.

9.      Officer Duck searched the Austin Police database of known aliases and found that an individual named Jerrell DAVIDSON used the alias "Pooda." A photo of Jerrell DAVIDSON was

shown to the CI, who confirmed that DAVIDSON was the same "Pooda" who committed the December 25, 2018 shooting.

10.     After identifying DAVIDSON, Officer Duck reviewed an Austin Police Department Report from January 4, 2019, in which Jerrell DAVIDSON was named as suspect and had threatened to "shoot up" a residence and vehicle.

11.     On January 11, 2019, Officer Duck observed a Facebook account under the user name "Jerrell Davidson" that was unrestricted and available for viewing by the public. While viewing the account, Officer Duck observed a "Facebook Live" video dated December 22, 2018 at 6:41 pm. The video depicts a male speaking to the camera. Officer Duck immediately recognized the male as Jerrell DAVIDSON by comparison to previous Austin Police Department arrest photos. During the video, DAVIDSON brandished what appeared to be two separate firearms. The first firearm shown was a black handgun with an extended high capacity magazine. The second firearm was also a black handgun. In the video, DAVIDSON showed the firearms to the camera while standing in a public parking lot. The apparent weight of the firearm in DAVIDSON's hand, and later in the video the weight of the firearm in DAVIDSON's pocket, make the firearm appear heavy. Based on this, the other facts contained in this affidavit, and Affiant's training and experience, Affiant believes that both of these firearms are real.

12.     Near the end of the video, the male took off his shirt and revealed that he was wearing what appeared to be body armor. The body armor was dark colored and had Velcro straps extending from DAVIDSON's back around his abdomen, similar in appearance to the type of body armor worn by law enforcement. Officer Duck believed, based on his experience wearing body armor as part of his normal law enforcement duties, that the body armor worn by DAVIDSON was authentic.

13.     DAVIDSON makes several statements during the video, including the following:

    a. "Bring it on!" (While displaying the firearms).

    b. "In the circle, ready to kill or die. Choppas everywhere."

    c. "I'm ready. I'm war ready. I don't play games when it's war time."

    d. "Pooda ready. Pooda ready. Pooda stay ready." (While displaying the body armor).

    e. "I ain't running from nothing. Bring it on. One man army."

14.     Affiant knows that the term "choppas" is common street slang referring to firearms. Officer Duck worked for approximately five years in the area of Austin that includes Garcreek Circle. Based on Officer Duck's extensive experience and knowledge of the area, he believes that the video was filmed outdoors in a public parking lot on Garcreek Circle.

15.     Officer Duck went to Facebook.com to research Facebook Live in an effort to determine when the above video was made. Officer Duck learned that Facebook Live lets people share live video with their followers and friends on Facebook. Videos appear in a person's Facebook News Feed and page or profile in real-time, while they are being filmed. Because the video in question was recorded utilizing Facebook Live, it appears the recording depicting Jerrell DAVIDSON displaying firearms and body armor was not previously recorded and re-broadcast.

16.     Since December 31, 2018, Officer Duck has received information from the CI that Jerrell DAVIDSON has brandished firearms on numerous occasions in public areas on or near Garcreek Circle.

17.     On a separate Facebook post, dated January 14, 2019, Jerrell DAVIDSON posted a photo of himself and a female in what appears to be a bar. In the photo, DAVIDSON's right hand can been seen near his waistband, gripping an object that appears to be the handle of a pistol underneath his shirt.

18.     The above photo is accompanied by a post by DAVIDSON that reads: "Send yo hit man Lil pooda gone put that tool on um## I'm shooting first and asking questions later approach me wit caution ## real life no movie or urban book ima burn something on sight all my bullets land on targets I'm playin for keeps I stand on that wit a gaint foit everybody got burners where the shootas mines called a life saver."

19.     Based on Officer Duck's experience as a police officer of eight years, in addition to the statement above, Officer Duck believed that DAVIDSON was gripping the handle of a weapon underneath his shirt. Based on the same facts and his own training and experience.

20.     Jerrell DAVIDSON's Facebook profile also contained multiple photos of DAVIDSON and a female who Officer Duck recognized as Rachele SPRUEL by comparing posted photos to photos in the Austin Police Department arrest database.

21.     Officer Duck observed numerous posts made by Jerrell DAVIDSON and Rachele SPRUELL that led Officer Duck to believe that they are currently engaged to be married. Rachele SPRUELL posts using the Facebook user name "Ruhkaylee Ess." Officer Duck observed the following statements made by DAVIDSON and Rachele SPRUELL:

    a. On December 30, 2018, Rukaylee Ess posted a photo of herself and DAVIDSON with the text, "never in bunches. Just me and you."

    b. On January 13, 2019, Rukaylee Ess posted a photo of herself and DAVIDSON with the text, "had them other bitches mad when they seen us."

    c. On January 14, 2019, Jerrell DAVIDSON published a post reading, "Ima marry Ruhkaylee Ess next month."

22.     Additionally, Officer Duck observed a conversation between Rachele SPRUELL and another individual over Facebook comments. The individual stated, "We Need an invite to that

wedding ## DON'T Forget," to which Rachele SPRUELL replied in part, "I'll Make sure you get one # and thank you ###."

23.     The initial vehicle information provided by the CI to Officer Duck was a 2011 Nissan Altima, bearing license plate TXLP KLG7463, registered to Rachele SPRUELL. Using a reliable and accurate computer database available to law enforcement Officer Duck identified the registered owner as Rachele SPRUELL, with a registration address of 12403 Mellow Meadow Drive #507 Austin Texas 78750.

24.     Affiant reviewed Rachele SPRUELL's Texas Identification record and it listed her address as 12403 Mellow Meadow Drive #507 Austin, Texas 78750.

25.     Although the CI indicated that DAVIDSON typically drove Rachele SPRUELL's 2011 Nissan Altima, on January 13, 2019, the CI observed DAVIDSON instead driving a black Honda sedan. The CI informed Officer Duck that DAVIDSON had multiple firearms in the vehicle at that time, including some that DAVIDSON was offering for sale.

26.     On January 15, 2019, at approximately 5am, Officer Duck conducted surveillance at 12403 Mellow Meadow Drive, near Building #5 where unit #507 is located. Officer Duck observed Jerrell DAVIDSON walk into the parking lot from building #5, approach a 2012 black Honda 4-door sedan bearing Texas License Plate number 24912S6, and open the trunk. A check of this vehicle's license plate revealed that the vehicle is registered to Rachele SPRUELL at 12403 Mellow Meadow Drive, Austin, Texas.

27.     Officer Duck learned that the original vehicle identified by the CI, a 2011 Nissan Altima, bearing Texas license plate KLG7463, was located disabled on a highway and impounded. Accordingly, Affiant believes it was no longer being used by Rachele SPRUELL or DAVIDSON and that the black Honda was their primary means of transportation.

28.     On January 16, 2019, police conducted surveillance at 12403 Mellow Meadow Drive #507, Austin, Texas 78750. At approximately 6:45 am, officers observed DAVIDSON exit apartment #507, and get into the front passenger seat of the Black Honda. Minutes later, officers observed Rachele SPRUELL exit apartment #507 with a school-age juvenile and lock the door. The juvenile entered the back seat of the black Honda and Rachele SPRUELL entered the driver seat and they drove away.

29.     It is the belief of Affiant, based on the aforementioned information, Facebook posts and comments indicating that DAVIDSON and Rachele SPRUELL are engaged, observations of DAVIDSON being at the black Honda two days in a row during the early morning hours, and DAVIDSON and Rachele SPRUELL's apparent sharing of a single vehicle, that DAVIDSON was residing at 12403 Mellow Meadow Drive #507 Austin, Texas 78750 with Rachele SPRUELL.

30.     Based on the close personal relationship between DAVIDSON and SPRUELL, SPRUELL's appearance in the aforementioned Facebook Live video posted by DAVIDSON, DAVIDSON residing with SPRUELL, DAVIDSON using SPRUELL's vehicle, and Facebook communications posted by SPRUELL, there is probable cause to believe that SPRUELL's Facebook account also contains evidence of the subject crimes.

31.     Detective Cornish reviewed Jerrell DAVIDSON's criminal history and observed the following felony convictions:

- Burglary of Habitation - 2nd Degree Felony, 331st DC, Convicted 11/07/2013, Confinement, 5 years;

- Possession of a Controlled Substance - 2nd Degree Felony, 331st DC, Convicted 11/07/2013, Confinement, 5 Years; and

- Evading Arrest Motor Vehicle - 3rd Degree Felony, 331st DC, Convicted 11/07/2013, Confinement, 5 years.

32.    Based on the above convictions, DAVIDSON is a prohibited person under federal law and may not possess firearms that moved in or affected interstate commerce.

33.    Detective Cornish reviewed Rachele SPRUELL's criminal history and observed that she has multiple felony convictions for theft. Accordingly, she is a prohibited person under federal law and may not possess firearms that moved in or affected interstate commerce.

34.    On January 16, 2019, the Hon. Andrew W. Austin, United States Magistrate Judge, issued a warrant authorizing the search of a premises located on Mellow Meadow Drive in Austin, Texas, a location at which DAVIDSON was believed to be staying, a vehicle and DAVIDSON's person.

35.    Officers executed the search warrant on January 18, 2019. In the vehicle officers recovered, among other things;

- a quantity of crack cocaine
- small digital scale
- Box containing 10 rounds of Hornady 9mm caliber ammunition for a firearm. In the same box were 2 rounds of 9mm luger ammunition
- 1 round of .40 caliber S&W ammunition

36.    In the residence, officers discovered, among other things;

- a Taurus 140 Pro firearm, .40 caliber pistol, bearing serial number SD077571 with one magazine containing  10 rounds of .40 caliber ammunition
- a quantity of MDA (Methylene-dioxy-amphetamine)
- a quantity of marijuana

- Pyrex glass with 2 small metal whisks with cocaine residue / paraphernalia consistent with converting cocaine into crack cocaine.

37.     On Jerrell DAVIDSON's person, officers recovered a **black and silver Apple iPhone, model A1586**.  This device, which is the subject of this warrant, is more particularly described in Attachment A.

38.     In the aforementioned Facebook Live post from December 22, 2018, it is apparent that DAVIDSON was recording the video with a mobile device.  Based on training and experience, Affiant knows that individuals involved in criminal activity, like most individuals, commonly use their cell phones to make such recordings.  Additionally, Affiant has past experience where persons suspected of firearms violations have photographs and/or videos of firearms and in some cases of the suspected person posing with firearms.  Finally, Affiant knows from training and experience that individuals engaged in narcotics trafficking routinely use their cell phones to facilitate narcotics activity, including through text messages, phone calls, and photographs.   Accordingly, there is probable cause to believe that Davidson's cell phone contains evidence related to Davidson's criminal activity, including his violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a).

39.     Affiant knows through training and experience that modern digital devices (e.g. cellular telephones, personal computers, etc.) and their associated digital storage media are capable of storing very large amounts of data and that because of the large storage volumes on these devices, data can be maintained within these devices for long periods of time. I also know from training and experience that under certain circumstances, data that has been 'deleted' by the user or system can potentially be recovered by a competent examiner. As such, it is not unusual for information that goes back months or even years to be recoverable by an examiner.

40.     Affiant also knows from training and experience that most users of modern digital devices generally utilize their devices for a wide range of activities from music player to text and voice communication device, from audio recording device and photo/video camera to computing device and data processing and storage. Modern digital devices frequently contain pervasive information that can shed light on many aspects of the life of their user, as they typically include features such as calendars, diaries, email, chat, text and other communications, as well as photographs, location data, application data, account information, and other personal identifying information that can be used, both individually and/or together to help identify the owner(s) and/or user(s) of a device, as well as a multitude of activities conducted on or in the presence of the device, as well as further metadata about those files and that data. Modern digital devices are also capable of storing 'interchangeable' data, i.e. digital data on one type of device that may be unrelated to the primary function of that particular type of device. For example, storage media in a digital camera can be used to hold not only photographs, video, and audio, but also documents, spreadsheets, or any other type of digital data, as can other devices, e.g. audio recorders, GPS devices, and many, if not most, other modern digital storage devices.

41.     Additionally, Affiant has been informed by members of Austin PD's Digital Forensics Unit that for a variety of reasons, it can be a simple matter for data to be removed or concealed, whether through accidental or intentional means (e.g. copying data files to a non-standard location, changing the file extension of data files, and even data corruption), and so limiting the extraction and search of data to a particular data type is not generally practical, nor best practice, as the use of forensic tools may allow recovery of data otherwise removed or concealed from the average user. Furthermore, because time and date information may not be accurate, again as a result of either intentional or unintentional actions (e.g. programs freely available to change date/time

stamps, failure to set, or incorrectly setting the date/time on a system used to create, modify, or transfer digital data, or even a simple failure of a particular program to provide date/time information), it is not generally practical nor best practice to limit the extraction and search of data exclusively to data marked within a particular date range.

42.     Competent examiners are often able to take the data present on such devices and, reviewing the data as a whole, observe patterns and correlations between items within the data which, when viewed individually, may not have been as apparent (e.g. a photograph taken around the time of a stalking offense could provide location information or metadata to pinpoint a user's actual physical location at the time of the offense, even though the photo itself had no direct connection or involvement in the offense; as well, reviewing data from a device may provide context for the overall mindset of a user around the time of the offense, in addition to information regarding individuals with whom the user regularly has contact, which could be probative in many circumstances). This analysis that can assist investigators in identifying the owner(s) and/or user(s) of a device as well as their activity with that device that tends to constitute evidence, both inculpatory and exculpatory, of the aforementioned crime(s).

## CONCLUSION

43.     Based on the aforementioned facts, there is probable cause to believe that one or more violations of Title 18, United States Code, Section 922(g)(1), Possession of Firearm by a Felon; and Title 21, United States Code, Section 841, Possession With Intent to Distribute Controlled Substances have been committed and that there is probable cause to believe that evidence (which evidence is more specifically set forth in Attachment B to this affidavit) may be found within DAVIDSON's cell phone, described in Attachment A.

44.     Accordingly, I respectfully request that search warrants be issued for DAVIDSON's cell

phone set forth in Attachment A authorizing the search and seizure of the items listed in Attachment B.

45.     Since this investigation is continuing, disclosure of the search warrant, this affidavit, and/or this application and the attachments thereto may jeopardize the ongoing criminal investigation.

## **REQUEST FOR SEALING**

46.     Although he has already been arrested for certain crimes, investigation into the full scope of Jerrell DAVIDSON's criminal activity is ongoing.

47.     There are currently multiple investigations into other crimes where Jerrell DAVIDSON is the suspect in these investigations.  These investigations include acts of violence, such as the December 2018 shooting referenced above.  These investigations may involve as-yet unidentified co-conspirators or witnesses.  Sealing these warrant documents would protect the integrity of the evidence and protect the witnesses in these related cases.

48.     Accordingly, the Government requests that all search warrant materials be sealed until further order of the Court.

FURTHER AFFIANT SAYETH NAUGHT.

Benjamin Hornbuckle
Task Force Officer
Federal Bureau of Investigation
Austin, Texas

Subscribed and sworn to before me at Austin, Texas, on this _29th_ day of _January_, 2019.

HON. ANDREW W AUSTIN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

The property to be searched includes the following cellular telephone, SIM card, micro SD card, and any other associated electronic storage:

(1) Apple iPhone, model A1586, Austin Police Department Evidence Tag # 2649294-5.

The phone is hereinafter referred to as the "Device." The Device is currently located at the Austin Police Department evidence room, 4708 E Martin Luther King Ave, Austin, Texas.

This warrant authorizes the forensic examination of the Device for the purpose of identifying stored information described in Attachment B.

## ATTACHMENT B

### Particular Things to be Seized

1. All records on the Device described in Attachment A related to violations of Title 18, United States Code, Section 922(g)(1), Possession of Firearm by a Felon; and Title 21, United States Code, Section 841, Possession With Intent to Distribute Controlled Substances,:

   a. Stored data to include but not limited to call logs including dialed numbers, missed calls, and received calls; name and /or number directories; photographs, videos, text messages, internet messages (IM), electronic communications, contact list(s), and other unknown data stored within the handset.

   b. SIM card or other data storage device connected to or a part of the handset and all data which any be stored on said SIM card or other data storage device including but not limited to name and/or number directories, videos, photographs, internet messages (IM), contact list(s), text messages, and any other unknown data stored on said SIM card or other data storage connected to or a part of the cellular telephone handset.

   c. Electronic information identifying associates of Jerrell Davidson's including said associates' telephone numbers and other identifying information.

   d. Global Positioning System (GPS) information regarding the location of the Device from activation to the present; and

   e. Any and all other information, communications, visual depictions (both motion video and still pictures) and/or digital data stored on the aforementioned device(s) and/or digital storage media described above

2. Evidence of user attribution showing who used or owned the device at the time of the things described in the attached affidavit were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history.

AO 93  (Rev. 11/13) Search and Seizure Warrant                                    *SRINIVASAN*

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) |
| Apple iPhone, model A1586, Austin Police Department Evidence Tag # | ) |
| 2649294-5 | ) |
|  | ) |

Case No.  1:19-M-048

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____Texas_____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____February 12, 2019_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Andrew W Austin_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   1/29/2019 at 2:30pm

_____
*Judge's signature*

City and state:      Austin, Texas

Andrew W Austin, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

The property to be searched includes the following cellular telephone, SIM card, micro SD card, and any other associated electronic storage:

(1) Apple iPhone, model A1586, Austin Police Department Evidence Tag # 2649294-5.

The phone is hereinafter referred to as the "Device." The Device is currently located at the Austin Police Department evidence room, 4708 E Martin Luther King Ave, Austin, Texas.

This warrant authorizes the forensic examination of the Device for the purpose of identifying stored information described in Attachment B.

## ATTACHMENT B

### Particular Things to be Seized

1.  All records on the Device described in Attachment A related to violations of Title 18, United States

    Code, Section 922(g)(1), Possession of Firearm by a Felon; and Title 21, United States Code,

    Section 841, Possession With Intent to Distribute Controlled Substances,:

    a.  Stored data to include but not limited to call logs including dialed numbers, missed calls, and received calls; name and /or number directories; photographs, videos, text messages, internet messages (IM), electronic communications, contact list(s), and other unknown data stored within the handset.

    b.  SIM card or other data storage device connected to or a part of the handset and all data which any be stored on said SIM card or other data storage device including but not limited to name and/or number directories, videos, photographs, internet messages (IM), contact list(s), text messages, and any other unknown data stored on said SIM card or other data storage connected to or a part of the cellular telephone handset.

    c.  Electronic information identifying associates of Jerrell Davidson's including said associates' telephone numbers and other identifying information.

    d.  Global Positioning System (GPS) information regarding the location of the Device from activation to the present; and

    e.  Any and all other information, communications, visual depictions (both motion video and still pictures) and/or digital data stored on the aforementioned device(s) and/or digital storage media described above

2.  Evidence of user attribution showing who used or owned the device at the time of the things

    described in the attached affidavit were created, edited, or deleted, such as logs, phone books,

    saved usernames and passwords, documents, and browsing history.